MEMORANDUM OPINION
{¶ 1} On July 11, 2007, appellant, Kenneth Tyler, filed a pro se motion for leave to file a delayed appeal, pursuant to App.R. 5(A), from his judgment of conviction and sentence issued by the trial court on October 16, 2002. That judgment indicates that appellant entered a plea of guilty to aggravated robbery, with a firearm specification; kidnapping, with a firearm specification; and having weapons while under a disability. Defendant was sentenced to an aggregate term of fifteen years in prison. *Page 2 
 {¶ 2} Appellant's motion for delayed appeal and notice of appeal were filed over four and one-half years after the judgment was entered by the trial court.
 {¶ 3} Appellee filed a response in opposition to appellant's motion on July 17, 2007.
 {¶ 4} App.R. 5(A) provides, in relevant part:
 {¶ 5} "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court * * * in * * * [criminal proceedings * * *." App.R. 5(A)(1).
 {¶ 6} "A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals." App.R. 5(A)(2).
 {¶ 7} In his motion, appellant asserts the following as his reasons for failing to perfect a timely appeal: 1) he is a layman and unskilled in the law; 2) he wanted to appeal but lacked the necessary tools to do so; and 3) he was advised by an inmate that he could file a delayed appeal after the thirty-day statutory requirement.
 {¶ 8} While appellant's reasons might explain a lapse of one year in initiating his direct appeal, due to lack of knowledge or resources during that time, his reasons do not justify a delay of over four and one-half years from the time of his conviction and sentence until the filing of his motion for delayed appeal. We find that appellant was not diligent in taking the proper steps to protect his own rights. *Page 3 
 {¶ 9} Accordingly, it is ordered that appellant's motion for leave to file a delayed appeal is hereby overruled.
 {¶ 10} Appeal dismissed.
CYNTHIA WESTCOTT RICE, J., concurs,
 COLLEEN MARY OTOOLE, J., dissents. *Page 1